COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-06-360-CR

 

TIMOTHY PAUL CONNELLA                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Timothy Paul
Connella attempts to appeal his conviction and sentence for felony driving
while intoxicated.  On October 2, 2006,
the trial court signed a certification of appellant=s right to appeal, which was also signed by appellant and his
attorney.  See Tex. R. App. P. 25.2(a)(2).  The certification states that Athe defendant has waived the right of appeal.@  The trial court provided us a
copy of appellant=s written
waiver, signed by appellant and his attorney, in which appellant stated, AI give up and waive any and all rights of appeal in this case.@  Appellant filed a pro se
notice of appeal on October 17, 2006.

On October 20, 2006, we
notified appellant that the certification indicating that he had waived the
right to appeal had been filed in this court and that we would dismiss this
appeal unless appellant or any party desiring to continue the appeal filed a
response showing grounds for continuing the appeal.  Appellant filed a response stating that his
appeal is based on ineffective assistance of counsel and claiming that Athe matters being raised in the appeal of this conviction were all
raised by written pretrial motions and ruled upon prior to trial.@  However, in his written
waiver, appellant not only waived his right to appeal but also gave up and
waived all pretrial motions that may have been filed in connection with his
case.  Appellant does not refute these
waivers.

A valid waiver of appeal will
prevent a defendant from appealing without the trial court=s consent.  Monreal v. State,
99 S.W.3d 615, 622 (Tex. Crim. App. 2003). 
The trial court did not consent to appellant=s appeal in this case. 
Accordingly, we dismiss the appeal. 
See id.; see also Tex. R.
App. P. 25.2(d) (providing that an appeal must be dismissed unless the
trial court=s
certification shows that the defendant has the right of appeal).

PER CURIAM

 

PANEL D:   MCCOY, J.; CAYCE,
C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 21, 2006











[1]See Tex.
R. App. P. 47.4.